**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0146-19

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

KENNETH BODDIE,

    Defendant-Respondent.

_____

Submitted January 25, 2021 – Decided February 9, 2021

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 07-02-0168.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a June 25, 2019 order denying his petition for post-conviction relief (PCR). Judge Joseph A. Portelli conducted an evidentiary hearing, entered the order under review, and rendered a thorough and comprehensive oral opinion in which he made significant findings and conclusions of law.

The order under review comes to us after we remanded in part for a PCR evidentiary hearing. See State v. Boddie, No. A-0975-16 (App. Div. Aug. 15, 2018). We did so because an earlier PCR judge made credibility findings without first conducting a hearing. Boddie, slip op. at 3. Specifically, as to those findings, we stated:

> the PCR court found defendant's claims that his trial counsel failed to investigate his alibi defense lacked credibility, in part, because of the timing of the claims. However, "[a]ssessment of credibility is the kind of determination 'best made through an evidentiary proceeding with all its explorative benefits, including the truth-revealing power which the opportunity to cross-examine bestows.'" Id. at 347 (quoting State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998)). Because the PCR court incorrectly made credibility determinations without first conducting an evidentiary hearing, we are constrained to reverse and remand for an evidentiary hearing on defendant's claim that trial counsel rendered ineffective assistance by failing to investigate and call defendant's father and sister as alibi witnesses. On remand, defendant must satisfy both prongs of the Strickland test.

2

[Boddie, slip op. at 10-11.]

On appeal, and after the hearing, defendant argues:

> THE DEFENDANT'S CONVICTIONS MUST BE
> REVERSED BECAUSE TRIAL COUNSEL FAILED
> TO PURSUE AN ALIBI DEFENSE.

We affirm substantially for the reasons given by the judge and add these brief remarks.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance[.]" Id. at 689. Thus, this court must consider whether counsel's performance fell below an object standard of reasonableness. Id. at 688.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial

A-0146-19

whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

The evidentiary hearing took two days, at which the judge heard testimony from defendant's trial counsel, defendant's sister, defendant's father, and defendant. The judge found—contrary to defendant's position—that no one had ever told trial counsel there was an alibi defense. The judge concluded that defendant failed to satisfy either prong of Strickland.

As to the first prong, the judge concluded trial counsel's performance did not fall below an objective standard of reasonableness. He made that conclusion in large part based on his credibility findings. The judge found trial counsel to be competent, capable, and credible. Had he been informed "there were alibi witnesses, he would have at least interviewed them." And as to the witnesses called by defendant, the judge "d[id] not believe" the sister and father, who never spoke up at the trial about the purported defense even though they attended every

4

day, and that their testimony was inconsistent. As to defendant, the judge considered defendant's prior record and made similar findings.

As to prong two, the error must have more than some "conceivable effect on the outcome of the trial." State v. Sheika, 337 N.J. Super. 228, 242 (App. Div. 2001).

The judge found that "there is more than a reasonable probability that the outcome of [the] trial would not have been different." Defendant therefore did not satisfy prong two.

We apply a deferential standard of review to an appeal of a denial of a PCR petition following an evidentiary hearing. State v. Pierre, 223 N.J. 560, 576 (2015) (quoting Nash, 212 N.J. at 540). The factual findings made by a PCR judge will be accepted if they are based on "sufficient credible evidence in the record." Ibid. (quoting Nash, 212 N.J. at 540). The record here contains sufficient credible evidence to support the judge's findings.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0146-19